WILLIAM J. JOHNSON

*v.*

GEORGE P. ESTABROOK.

MECHANIC'S LIEN—*general decree authorized by stipulation.* Where, during the pendency of a petition for a mechanic's lien, the defendants gave their notes for the sum due, and a stipulation that, in case of default of " payment of said notes, or either of them, according to the terms thereof, then, after twenty-four hours' written notice," authorizing the complainant to enter their default, and have a decree for the whole amount of both notes, with interest, and that immediate execution might issue thereon, it was *held*, that this authorized a general decree, in case of default, and did not require the decree to be special, as in ordinary cases.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. WILLIAM T. BURGESS, for the plaintiff in error.

Messrs. BONNEY, FAY & GRIGGS, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether the judgment rendered by the court was authorized by the terms of a written stipulation, executed by the parties, and filed in the cause.

On the 18th day of February, 1875, the defendant in error filed a petition in the Superior Court of Cook county, to enforce a mechanic's lien on certain premises in Chicago, for labor and materials furnished to and for Wm. J. and Thos. S. Johnson, under a contract which had been made by the parties. Process was served on Thos. S. Johnson, and on the 4th day of March, on failure to answer, a default was taken, and a decree *pro confesso* entered as to him.

On the 17th day of March, 1875, a stipulation was executed and filed in the cause, under which the Johnsons gave to the defendant in error their two promissory notes, dated March 11, 1875, one for $150, due in thirty days, and one for $465, due in sixty days. The default previously entered as to Thomas S. Johnson was set aside, and the petition dismissed as to a portion of the premises. The stipulation also contained the following provision: " It is hereby further agreed and stipulated that, in case of the default in the payment of said notes, or either of them, according to the terms thereof, then, after twenty-four hours' written notice to said defendant, their attorneys, Fuller & Smith, or either of them, said complainant shall be authorized to immediately enter the default of said W. J. and T. S. Johnson, and have decree against them for the whole amount of both of said notes and interest due at the time of such default, together with $50 attorney's fees, including docket fees, which may be included in said decree, and that immediate execution may issue thereon, and that all orders necessary to the entry of the above may be made without further notice to said defendants, or their attorneys."

On the 19th day of April, 1875, on default of the Johnsons to pay the note first due, according to the terms of the stipulation, and a notice in writing having been served on the Johnsons, as required, the court, on motion of the defendant in error, entered the default of W. J. and T. S. Johnson, and rendered a decree against them and in favor of the petitioner for the sum of $661.50 and costs, and awarded execution for the amount.

No fault is found with the amount of the judgment, but it is claimed the stipulation only authorized a decree directing a sale of the premises described in the petition, for the payment of the amount found to be due, as in ordinary cases to enforce a lien by a mechanic, under the statute.

We do not so regard the stipulation. It expressly provides, on failure of payment of either note when due, the default of the Johnsons may be entered and a decree rendered for the whole amount named in the stipulation. The stipulation nowhere intimates that a special decree is to be rendered against the property, directing a sale thereof, but all the language used seems to indicate that a general judgment was intended by the parties. If this was not the intention of the parties, we can not understand why the provision was inserted that " immediate execution should issue."

Had the parties intended that an ordinary decree should have been rendered, no doubt the stipulation would have contained a provision requiring the property to be first sold before resort could be had to an execution; but this was not done, and the fact that an immediate execution was provided for, repels the presumption that the decree was to be special, and, in our judgment, leaves no room for a doubt that a fair and reasonable construction of the stipulation would fully authorize a general judgment.

As the judgment was warranted by the stipulation, the court did not err in its rendition or in overruling the motion to quash the execution issued upon it.

The judgment will be affirmed.

*Judgment affirmed.*