## J. YOUNG SCAMMON
### v.
## THE COMMERCIAL UNION INS. CO.

1. FRAUDULENT SALE BY MORTGAGEE—ALIENATION CLAUSE IN INSURANCE POLICY.—A sale of insured premises under a power contained in a mortgage covering the premises at the time of the issuing of the policy, where the mortgagee himself, through a third party, becomes the purchaser, and which sale is repudiated by the mortgagor and subsequently set aside by a decree in chancery, does not, under the clause against alienation contained in the policy, defeat a recovery for a loss occurring after such sale, and before the rendition of the decree setting it aside.

2. PROOFS OF LOSS—WAIVER OF OBJECTION AS TO TIME OF FILING SAME.—Where an insurance company claims that its policy has been invalidated by a sale of the insured premises in contravention of the terms of the policy, and decides that it will not for that reason pay the loss, which claim and decision are communicated to the assured before a reasonable time had elapsed for furnishing proofs of loss, the question whether the proofs of loss were furnished in seasonable time is wholly immaterial.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed January 3, 1887.

This was an action brought July 6, 1875, by the appellant, Scammon, against the insurance company, appellee, upon a policy of insurance issued January 2, 1874, by the latter to the former, upon a building of the plaintiff known as No. 209 Michigan avenue, in the city of Chicago, insuring the same in

the sum of $5,000 against loss by fire, from January 4, 1874, to January 4, 1875.

The building was destroyed by fire July 19, 1874, during the life of the policy, the loss being upward of thirty thousand dollars.

The declaration was upon the policy, and under the plea of non-assumpsit and stipulation as to admission of all special matters in evidence, the case was submitted to the court for trial, without a jury, May 1, 1886, (that being the third trial) and resulted in a finding and judgment for the defendant, from which plaintiff brought this appeal, insisting that upon the evidence the finding should have been for him.

The material facts shown by the evidence are that in May, 1872, the plaintiff being the owner in fee of the premises in question, his wife joining, executed a mortgage to the United States Mortgage Co., a corporation for the purpose of loaning money, created by a statute of the State of New York.

This mortgage covered the premises in question and other real estate of the plaintiff, and was given to secure the bond of the latter for the repayment of a loan to him by said mortgage company, completed about July 9, 1872, of two hundred and twenty thousand dollars, payable in installments, running through a period of ten years, with interest at the rate of nine per cent. per annum, payable semi-annually, both the bond and mortgage giving to said mortgagee the right, at its election, to declare the whole debt due, upon the failure of the plaintiff to pay any part of principal or interest when due. The mortgage contained a provision authorizing said mortgagee, its successors, legal representatives or assigns, either in person or by attorney, to sell the mortgaged premises and all benefit and equity of redemption of the mortgagors, at public auction, on giving thirty days notice by advertisement, for breach of any of the covenants, etc., therein contained; and in the name of the mortgagors, or as their attorney, to make and deliver a good and sufficient deed of the premises to the purchaser at such sale.

It appeared that for an alleged default in the plaintiff to pay interest due in November, 1873, said mortgagee, in the

month of February, 1874, elected to declare the whole indebtedness due, and advertised the mortgaged premises for sale, under said power, on the last day of March. then next; that said matter being under the control and direction of Samuel D. Babcock, the president of said mortgage company, he, said Babcock, just before the time of such sale, made arrangements with James H. Reese, to the effect that said Reese should attend said sale and bid off the mortgaged property in his own name, but for him, said Babcock, such president as aforesaid; that the property was put up for sale at auction, and Reese bidding one hundred thousand dollars therefor, it was struck off to him on said 31st day of March, and on the same day, without anything being paid by Reese or anybody else, said mortgagee, acting through said Babcock, as president, and by its secretary, executed and delivered to said Reese a deed purporting to have been executed under said power and cutting off the said mortgagor's equity of redemption in said property; and that April 20, 1874, said Reese (his wife joining) made and delivered, without consideration, a deed of the same property to said Babcock.

It appears that the mortgaged property was at the time of such sale worth some four or five times the amount so bid as aforesaid; that the plaintiff being in the open and visible possession of the mortgaged property, including that insured and in question, the same as he had been for years previously, was informed as to the facts aforesaid respecting said sale, and immediately gave notice to said Babcock that he regarded said sale as illegal and invalid; that he repudiated it, and should not surrender the possession to him; that such notice was given several weeks prior to said July 14, 1874, when the fire occurred, and plaintiff, disaffirming such sale, continued in possession of the mortgaged and insured premises, down to, at the time, and after said fire; that he subsequently brought a suit in the circuit court, by bill in chancery, setting up all of said facts respecting said sale and conveyances, charging fraud and making said mortgage company, Babcock and Reese, parties defendant, and praying that said sale and conveyances might be set aside for fraud, and said mortgagors be permitted to

redeem; that said court having jurisdiction of the subject-matter and said parties, such proceedings were had in said suit; that March 19, 1886, a decree was entered setting aside said sale and conveyances for fraud, and giving the mortgagors the right to redeem, which decree remains in full force and effect.

The policy in suit contained the following conditions: "If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, * * * in every such case this policy shall be void. When property has been sold and delivered or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on said property shall immediately terminate."

The plaintiff, immediately after the loss, gave the defendant due notice thereof, but the proofs of loss were not actually presented to defendant until some nine months thereafter; but it appeared not only by a very strong preponderance of evidence, but really without any conflict, that before a reasonable time had elapsed for furnishing such proofs, the defendant, having knowledge of all material facts, resolved that it was in no event liable for said loss and should not pay it, and, through one of its authorized agents, so notified the plaintiff; that such position of non-liability was based upon the alleged ground, that by said mortgage foreclosure the plaintiff had lost all title to the insured property, which position of non-liability was ever afterward adhered to on the part of the defendant.

Mr. CHARLES F. WHITE and Mr. M. L. WHEELER, for appellant; that the sale was invalid, cited Ross v. Demoss, 45 Ill. 452; Hamilton v. Lubukee, 51 Ill. 421.

Clauses in insurance policies against alienation or change of title are strictly construed: Commercial Ins. Co. v. Spankneble, 52 Ill. 53; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Lazarus v. Com. Ins. Co., 5 Pick. 76; Strong v. Man. Ins. Co., 10 Pick. 43; Stetson v. Mon. Mut. Fire Ins. Co., 4 Mass. 330; Jackson v. Silvernail, 15 John. 278.

A sale to avoid a policy under such clause must be one that wholly divests the owner of the property of all insurable interest therein: Lay v. Home Ins. Co., 24 Minn. 315; Stephens v. Ill. Mut. F. Ins. Co., 43 Ill. 327; Browning v. Home Ins. Co., 71 N. Y. 513; Bragg v. N. E. Mut. Fire Ins. Co., 5 Fost. 289; Cone v. Niagara Fire Ins. Co., 60 N. Y. 619; Farmers Mut. Ins. Co. v. Graybill, 74 Pa. St. 17; Strong v. Man. Ins. Co., 10 Pick. 40.

As to waiver of proofs of loss: Peoria M. & F. Ins. Co. v. Lewis, 18 Ill. 553; Norwich Trans. Co. v. West. Mass. Ins. Co., 34 Conn. 561; Williamsburg City F. Ins. Co. v. Cary, 83 Ill. 453; McComas v. Cor. Mut. Life Ins. Co., 56 Mo. 573.

Messrs. MILLER, LEWIS & JUDSON, for appellee; that a sale that is merely *voidable* is an alienation that defeats a recovery for a loss occurring before the sale has been set aside, cited Wood on Fire Ins., §§ 312, 315, 317; Flanders on Fire Ins. 449; Power v. Ocean Ins. Co., 19 La. 28; Worthington v. Bearse, 12 Allen, 382; Savage v. Howard Ins. Co., 52 N. Y. 502; Langdon v. Minn. Farmers Asso., 22 Minn. 193; Foote v. Hartford Fire Ins. Co., 119 Mass. 259; Western Mass. Ins. Co. v. Ricker, 10 Mich. 279.

Retaining notice of loss and proof of loss without objection is not a waiver of the objection that they were not served within a reasonable time: Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Trask v. State, F. & M. Ins. Co., 29 Pa. 198.

There can be no waiver after forfeiture: Underwood v. F. J. S. Ins. Co., 57 N. Y. 505; Ripley v. Ætna Ins. Co., 30 N. Y. 136; Van Allen v. F. J. S. Co., 5 L. J. 731.

McALLISTER, P. J. There were but two points of objection to a recovery relied upon by the defendant below on the trial, and the same are insisted upon here on its behalf as appellee. They are (1) that the sale by the United States Mortgage Company, under the power of its mortgage and the conveyance thereunder, made March 31, 1874, some three months and fourteen days before the fire, constituted a breach of the condition in the policy against alienation, which rendered the

Scammon v. Commercial Union Ins. Co.

policy void, and that at all events the plaintiff, for that reason, had no insurable interest in the property at the time of the loss; (2) that the plaintiff failed to seasonably furnish defendant with proofs of loss as required by the policy.

It is indisputable that, as respects every other matter, the plaintiff's cause of action was clearly made out, so that, upon this appeal, the only questions demanding consideration are those arising upon the above stated grounds of defense, and they are mixed questions of law and fact. All the material facts are, however, established by undisputed evidence. If, when the law is properly applied to the facts, either or both of said grounds of defense shall be found tenable, the judgment below should be affirmed; but if found untenable as to both, then it should be reversed.

First, then, as to the alleged breach of condition of the policy against alienation. What is to be taken as the true meaning when the different clauses are construed together? All the authorities agree that such conditions must receive a strict construction, the court having in view the object of the insurance company in inserting them. The language in which the condition in question is expressed is as follows:

"If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, * * in every such case this policy shall be void. When property has been sold and delivered or otherwise disposed of, *so that all interest* or liability on the part of the assured herein named has *ceased*, this insurance on said property shall immediately terminate."

When both the above clauses are considered together in the light of the rules to which we have adverted, it appears to us that the last clause was intended to explain and qualify the meaning of the words of the former, and define what sort or nature of transfer or conveyance of the property and change of title was contemplated and provided against. The character so given and intended was such a sale or disposition of the property as caused all interest of the insured in or control over the property to cease. That was the construction given to clauses in the same language by the Court of Appeals of New York, in Browning v. Home Ins. Co., 71 New York R. 513.

In Ayers v. Hartford Ins. Co., 17 Iowa, 176, the court, in discussing what *transfer* or *change of title* would avoid the policy, held to the following sensible views :

" The object of the insurance company by this clause is, that the interest shall not change so that the insured shall have a greater temptation or motive to burn the property, or less interest or watchfulness in guarding and protecting it from destruction by fire. Any change in or transfer of the interest in the property, of a nature calculated to have this effect, is in violation of the policy. But if the real ownership remain the same—if there is no change in the *fact of a title*, but only in the evidence of it, and this latter change is merely nom'nal and not of a nature calculated to increase the motive to burn or diminish the motive to guard the property from loss by fire, the policy is not violated."

Lay v. Home Ins. Co., 24 Minn. 315, supports the same doctrine, and many other cases of the same import might be cited. The case of The Orrell v. Hampden Fire Ins. Co., 13 Gray, 431, is in harmony with the same principles, for it holds that to constitute a breach of the condition of insurance relating to the conveyance of the property, there must have been an *actual* sale or transfer of the property, *valid* as between the parties. There is a vein of the same doctrine in Daily v. Westchester Fire Ins. Co., 131 Mass. 113 ; May on Ins., § 273.

The question is, were the sale and conveyance made by the mortgage company under the power in its mortgage, and under the circumstances of that sale, an actual sale, and valid as between the plaintiff below and said mortgage company ?

Let us premise our answer to that question by the statement that the defendant below, having set up that sale as a defense, it has thereby voluntarily assumed the attitude of privity with said mortgage company, by which it stands affected by every fact and circumstance legitimately bearing upon the question of the validity of that sale. Stephens v. Ill. Mut. F. Ins. Co., 43 Ill. 327.

Now what are the circumstances legitimately bearing upon the validity of that sale ? In making it the mortgage compa-

ny was acting under a power contained in its mortgage, given by the plaintiff, constituting the former the agent and trustee of plaintiff, and authorizing only an ordinary sale, at public auction, upon a certain contingency. But the mortgage company, in making the sale under that power, made it to itself. In violation of its duty as trustee, it became the purchaser at its own sale, and for a sum less than a fourth of the fair value of the property. The evidence shows that arrangements were made by the mortgage company, before said sale and without the knowledge of plaintiff, to sell the property under said power. That such sale was fraudulent, all the authorities agree ; and it is unnecessary to cite more than one case. In that the principal authorities are cited. Michaud v. Girod, 4 How. (U. S. ) 552; approved in 43 Ill. 126.

That sale and the conveyance under it were undoubtedly fraudulent, illegal and voidable, as to the plaintiff, at his election. And it appears that he promptly elected to repudiate and disaffirm it, and gave notice to that effect to the said mortgage company, the purchaser, some two months before the loss, and that he should continue to retain possession of the premises, which he did. Not only that, but plaintiff brought a bill in equity to have said sale annulled, and obtained a decree of annulment before the trial below, and introduced the same in evidence.

That decree being conclusive between the parties to the suit in which it was rendered, and the said mortgage company being a party, it must follow from the attitude of privity with said mortgage company as respects said sale, which the defendant in this present suit had voluntarily assumed by setting up said sale as a defense, that if said decree, though rendered after the issues in the present case were made up, would have been conclusive between the parties to it, of which there is no doubt, it was, for the reasons stated, admissible in evidence in this present suit, and equally conclusive as to the defendant herein. Dow v. McMichaels, 6 Paige, 139 ; Sheldon v. Patterson, 55 Ill. 507.

So that such sale having been annulled by a court of competent jurisdiction, it is to be regarded as if never made. But

aside from the decree, the sale having been fraudulent and voidable as to plaintiff, at his election, and he having elected to avoid it, his actual ownership of the equity of redemption was unaffected thereby. Ross v. Demoss, 45 Ill. 452 ; Roberts v. Fleming, 53 Ill. 196.

Plaintiff's open and visible possession alone was good against a title acquired by fraud. Niles v. Anderson, 5 How. (Miss.), 365 ; Flint v. Lewis, 61 Ill. 229.

From the whole case, it is clear that there was no actual sale or transfer ; that plaintiff's interest in and control over the property were not divested. He continued in possession down to the time of the fire, claiming ownership of the equity of redemption, as in fact he had a right to ; he had the same motive for that reason to guard and preserve the property from destruction by fire after said supposed sale, as he had before, and when said policy issued. We think, therefore, that the first ground of defense was untenable.

We are of the opinion that the second is also untenable, because it appears that the defendant, before a reasonable time had elapsed for furnishing proofs of loss, determined on its own part that it was in no event liable for said loss, and that it would not pay it, and gave plaintiff notice to that effect.

That being the case, the question whether such proofs were furnished in seasonable time was wholly immaterial. Peoria, etc., Ins. Co. v. Whitehill, 25 Ill. 470 ; Williamsburg, etc., Ins. Co. v. Cary, 83 Ill. 453.

We have considered the objection of *res adjudicata* upon a former appeal, and think that also untenable. The judgment should be reversed and cause remanded.

Judgment reversed.