## THE NIAGARA FIRE INSURANCE COMPANY
### V.
### ARIANA E. SCAMMON, ADM'X.

*Fire Insurance—Stipulation—Conditions—Alienation—Practice—Interlocutory Orders by Several Judges—Account.*

1. When an interlocutory order has been made in a given case by one judge, and further proceedings are had therein before another judge in the same county, each judge may conduct the proceedings before himself in accordance with his own opinion at the time, whether it conflicts with an earlier interlocutory order or not, and it is immaterial whether that earlier order was made by himself or another judge.

2. A stipulation setting forth that one case shall "abide by the issue," of another, means that it shall abide "the ultimate result or end," of such other.

3. In an action brought to recover upon a fire insurance policy, the plaintiff having moved for judgment upon a certain stipulation duly entered into, the defendants contending that it was not liable because of a certain alienation of the prop·rty insured, this court declines to interfere with the judgment for the plaintiff.

[Opinion filed April 21, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. Henry G. Miller, for appellant.

Messrs. Charles F. White and Martin L. Wheeler, for appellee.

Gary, P. J.    When this appeal was docketed in this court, Jonathan Young Scammon, of whose estate the appellee is administratrix, was yet alive.    More than fifty years earlier, and while the circuit judges whose names appear in this record were yet unborn, he had been appointed reporter of the decisions of the Supreme Court of the State, and four volumes bearing his name are witnesses of the fidelity with which he performed the labor he undertook, and of the ability of the early judges of that court during a period of eleven years.

At the September term, 1889, of the Circuit Court, this case was submitted to the court for trial, without a jury, before Judge Clifford.    The plaintiff there, now represented by the appellee, moved for judgment upon a stipulation made, as the parties, by their briefs, agree, though the record does not show the date, at the April term, 1886, of the Circuit Court, as follows:

"Circuit Court, Cook County.

| | |
|---|---|
| J. Young Scammon<br>v.<br>The Commercial Union Assurance Company. | Gen. No.<br>Term No. 17. |
| Same<br>v.<br>The Adriatic Fire Insurance Company. | Gen. No.<br>Term No. 18. |

|  |  |
|---|---|
| Same v. The Shoe and Leather Insurance Company. | Gen. No. Term No. 19. |
| Same v. Same. | Gen. No. Term No. 20. |
| Same v. The Commercial Union Assurance Company. | Gen. No. Term No. 23. |
| Same v. The Adriatic Fire Insurance Company. | Gen. No. Term No. 24. |
| Same v. The Firemen's Fund Insurance Company. | Gen. No. Term No. 22. |
| Same v. The Commercial Union Assurance Company. | Gen. No. Term No. 25. |
| Same v. The Shoe and Leather Insurance Company. | Gen. No. Term No. 26. |
| Same v. The Adriatic Fire Insurance Company. | Gen. No. Term No. 27. |

It is hereby stipulated that the above cases shall be tried by the court without the intervention of a jury, and that the

first tried shall be that of J. Young Scammon v. The Commercial Union Assurance Company, Term No. 17, and that either party shall be at liberty to use the evidence contained in the bill of exceptions made up from the former trial of said case, and filed in said Circuit Court, December 22, 1880, and now in the hands of the plaintiff's attorneys, or from the abstract of the record of said case filed in the Appellate Court of the First District, if for any reason the bill of exceptions is not in the possession of the party offering such evidence.

It is further stipulated that the succeeding cases shall abide the event of said case both in the Circuit Court and on appeal to the Appellate Court and Supreme Court, if any appeal shall be taken by either party. It is understood that this stipulation shall embrace all the cases in the Circuit Court in which J. Young Scammon appears as plaintiff in his own behalf, or as executor against insurance companies, represented by Miller, Lewis & Judson as defendants. It is understood that either party may offer additional testimony.

(Signed)     CHARLES F. WHITE,
Att'y for plaintiff.
MILLER, LEWIS & JUDSON,
Att'ys for defendants.

It is hereby understood and agreed by and between the respective attorneys in the case of Scammon v. The Niagara Fire Insurance Company (No. 21), that it shall abide by the issue in the case of Scammon v. The Commercial Union Assurance Company, above named.

CHARLES F. WHITE,
Att'y for plaintiff.
LAWRENCE PROUDFOOT,
Att'y for defendant.

The same motion for judgment upon the stipulation having been made before Judge Grinnell, and denied by him at the preceding April term, it was also denied by Judge Clifford, and as the brief for appellant says, though the record does not so show, for the reason that Judge Grinnell had denied it.

In the Circuit and Superior Courts of Cook County, each

having several judges, when any interlocutory order has been made in a case by one judge, and further proceedings therein are before another, while courtesy to each should prevent, as it does, any captious conflict in rulings, yet each judge has the power to, and if confident he is right, should conduct the proceedings before himself in accordance with his own opinion at the time, whether that conflicts with an earlier interlocutory order or not; and it is immaterial whether that earlier order was made by himself or another judge.  Fort Dearborn Lodge v. Klein, 115 Ill. 177.   That this stipulation is binding, the appellants do not deny.   Indeed, they could not do so successfully.   Teal v. Russell, 2 Scam. 319; Johnson v. Estabrook, 84 Ill. 75.   But the appellant insists that the proper construction of the stipulation did not entitle the plaintiff below to judgment upon it.   The plaintiff there presented to the court, with the stipulation, proof of the further proceedings in the case, No. 17, as they are shown in 20 Ill. App. 500, 125 Ill. 601, and 126 Ill. 355.

The stipulation that the present case should "abide by the issue" of that, meant and means that it should abide "the ultimate result or end" of No. 17.   In no other of the many senses in which the substantive "issue" is used could it be appropriate here.   Webster's Dictionary, word "issue."

The measure of damages was the only question left open, and if there were errors in the record upon other points, this stipulation would prevent a reversal for such errors.   But there were no errors.   The action is upon a fire policy for $5,000.   The clause in the policy relied upon by the appellant, "in case of any sale or transfer, or change of title in the property insured by this company, or of any undivided interest thereof, or the entering or foreclosing of a mortgage,   *   *   * this insurance shall immediately cease," does not cover the transactions recited in the decisions of the Comm. Union Ass. Co., to which reference has been made.   "In our opinion," say the Supreme Court, in 126 Ill., page 373, "it must follow that the deed of the trustee was not such an alienation as is within the reasonable contemplation of the clause under consideration."

It is true the clause they were considering had other words than there are in this, to which some of the argument seems to be addressed, but the point of the decision is that a voidable sale by the trustee, against the will of the assured, and by him avoided, was, after such avoidance, as to its effect upon the policy, as if it had never been made.

It does appear that the loss upon the property assured by this policy was $6,500. If an account between Babcock and Scammon had been taken, there was $5,000 to be allowed to the latter for an insurance Babcock had collected upon the same loss. In various ways the appellant seeks to make that collection a total or partial defense to this action. But the Supreme Court have held in 126 Ill. 363, that the relations between Scammon and the companies whose policies he held, were not affected by the account between Scammon and Babcock. The loss was more than the policy here sued upon.

So far as this record shows, the decree by which the sale under the mortgage was set aside, was but declaratory of the rights of the parties, and required the taking of an account, to fix amounts. But it settled those rights, and was so far final, that from it an appeal might have been taken. Chicago Life v. Auditor, 100 Ill. 478. The parties, so far as the record shows, submitted to it and conducted their subsequent business in subordination to it. The account directed by the decree was never taken, or if it was this record contains no evidence of it. It is but inference that Scammon got any benefit from the insurance to Babcock. Both parties immediately sold to Wirt Dexter Walker, and nobody had any further interest in stating an account.

· The appellant asked the court to hold as law a proposition that assumes that Scammon conveyed his interest in the property before the decree. There is no sufficient evidence to base the assumption upon. The deed, though dated before, was acknowledged the same day the decree was entered, and Scammon testified that he sold subsequent to the entry of the decree. There was no apparent effort in the Circuit Court to get at details on that matter. On the whole record there is no error against the appellant, and the judgment is affirmed.

*Judgment affirmed.*