Commercial Union Assurance Co. v. Scammon.

---

## COMMERCIAL UNION ASSURANCE COMPANY
### v.
## ARIANA E. SCAMMON, ADMINISTRATRIX.

*Stipulation—Judgment—Waiver—Practice.*

1.   Under a stipulation to the effect that several cases shall be tried by the court without a jury, and that all cases after the first one tried shall abide the event of that case, both in the Circuit Court and on appeal, judgment should be rendered in all the cases according to the final decision in said first case.

2.   After being refused judgment on one ground, taking it on another ground is no waiver of the party's right to judgment on the ground on which it was refused.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. HENRY G. MILLER, for appellant.

Messrs. CHARLES F. WHITE and MARTIN L. WHEELER, for appellee.

GARY, P. J.   This is one of the many cases mentioned in the title of the stipulation copied in Niagara Fire Insurance Company v. Scammon, 35 Ill. App. 582. All the questions in it, except the effect of that stipulation and the measure of damages, have been decided by the former decisions of this court and the Supreme Court cited in the Niagara case.

In the latter case the stipulation construed was a short paragraph annexed to the longer stipulation affecting this case. By reference to the Niagara case it will be seen that the parties agreed that all the cases should be tried by the court without a jury; that certain evidence should be used; that either party might offer additional testimony; that the first case tried should be No. 17; and " that the succeeding cases shall abide the event of said case, both in the Circuit Court, and on appeal to the Appellate Court and Supreme Court if any appeal be taken by either party."

As the stipulation contemplated the trial of but one case, the event of which the other cases were to abide, it is clear that the terms of it relating to the evidence to be used or offered, had reference only to the trial of that one case. Whether that was well or ill tried, by either party, the result as to the other cases would be the same. Whether one or all of the series of courts through which that case might go decided correctly or blundered, the other cases were to " abide the event " of that one.

It was a disinterested stipulation on the part of the attorneys. It diminished their labors, and their right to consequent compensation. It is not an unreasonable conjecture that when the first case had gone in favor of the insurance company in the Circuit Court, the several companies felicitated themselves and congratulated each other, that they were probably freed from the perils of a jury trial in an insurance case. What was meant by the words " abide the event?" Certainly not that

Commercial Union Assurance Co. v. Scammon.

the same order of proceedings should be taken, step by step, in the succeeding cases as in the first. The parties had in view no such parrot-like repetition of forms without meaning, if the end was predestined. They meant the final outcome and the end of the litigation; that the side finally successful in the first case, should be successful in all.

Two reasons are now urged against giving this effect to the stipulation. The first reason was considered and held insufficient in the Niagara case, namely, that Judge Clifford, in refusing to enforce the stipulation, followed the decision of Judge Grinnell, when the plaintiff below moved before him for judgment upon the stipulation.

It is now said that the then plaintiff should, if he chose to insist upon a judgment upon the stipulation, have excepted to the ruling of Judge Grinnell and saved the question by a bill of exceptions. That ruling was merely interlocutory. It could be reviewed only if at that time there had been a final judgment for the company. The case being postponed, when it came on again for final disposition, the plaintiff must present anew the grounds upon which he claimed judgment. Without such action on his part, an exception to the ruling of Judge Grinnell would have availed him nothing. Shedd v. Dalzell, 30 Ill. App. 356.

When the court denied him judgment upon one ground, taking it upon another was no waiver of his right, if right he had to it upon the first ground, nor if he ought to have had the judgment upon the first ground, would errors, if any there were in the proceeding by which he obtained judgment, be any cause for the reversal of a judgment that he was entitled to without going through those proceedings.

But, say the appellants, the stipulation had fulfilled its purpose and was *functus officio.* The facts upon which they take this position are, that this stipulation was made at the April term, 1886. At that term the Circuit Court entered judgment in favor of the company in No. 17. May 3, 1886, this case was submitted to the court for trial without a jury, and the parties consented to judgment for the defendant as in No. 17, upon condition that if the judgment in No. 17 should be

reversed by this court, or the Supreme Court, then the judgment in this case should, on the application of the plaintiff, be vacated, and the case thereafter stand 'in all respects for a trial or proceeding in the same way and condition as if no judgment had been entered. How would the case have stood if that judgment had not been entered? The answer is, to abide the event of No. 17 here and in the Supreme Court. This court reversed the judgment in No. 17 and rendered a final judgment that Scammon should have and recover of the company $8,910 and costs. That judgment the Supreme Court affirmed. See 20 Ill. App. 500; 125 Ill. 601; 126 Ill. 355.

November 15, 1888, was the date of the affirmance by the Supreme Court, and March 2, 1889, the Circuit Court vacated the judgment of May 3, 1886, in this case, and reinstated the case upon the docket. So far the acts of the parties had been consistent with, and ought to be understood as being in performance of this stipulation. If on appeal the judgment of the Circuit Court in No. 17 had been affirmed, there would have been an end of the litigation.

The recitals in the judgment of May 3, 1886, of the reasons for entering it, and the condition upon which it should be vacated, did not rescind the stipulation, but were manifestly *ex abundanti cautela* to avoid any question as to the power of the court to vacate, at some future term, the judgment then entered.

As the loss exceeded all the insurance that Scammon had upon the property, and as upon all of the questions as to change of title, the insurance by Babcock, the delay in the proofs of loss, the former decisions of this court and of the Supreme Court herein referred to, settle the right of the appellee to recover, the affirmance of the judgment in this case may be based upon the stipulation (C. & N. W. Ry. v. Hintz, 23 N. E. R. 1032) without reference to those decisions, or upon those decisions without reference to the stipulation.

*Judgment affirmed.*