### Frederick Voss v. Evans Marble Co.

1. PRACTICE—*Stipulations in Court, When to be Enforced.*—A stipulation by which it is agreed by and between the parties to a cause, as a matter of compromise and settlement *pro tanto,* of the controversy, that a jury be waived, cause submitted to the court as to all issues therein, that the findings be entered in favor of the plaintiff for six

hundred and seventy-five dollars and forty-seven cents, without any costs to either party and without any findings as to when the amount became due and payable, that the attachment be released and all gar-nishees discharged upon payment of said sum, will be enforced as made.

2. Same—*Issues on the Merits of a Case and on Attachment Sepa-rate and Distinct.*—The issues on the merits of a case and on an attachment in aid, are entirely separate and distinct; although they may properly be tried together, such a proceeding is not necessary.

3. Foreign Corporations—*Are Amenable to Process of Attach-ment.*—A foreign corporation is liable to attachment, notwithstanding the fact that it owns property, has an office and does business in this State.

Attachment.—Error to the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the October term, 1901. Reversed and judgment in this court. Opinion filed March 31, 1902.

E. F. Thompson, attorney for plaintiff in error.

Thomas S. Hogan and E. C. Mapledoram, attorneys for defendant in error.

Mr. Presiding Justice Windes delivered the opinion of the court.

This case was assumpsit in the Superior Court of Cook County by plaintiff in error as plaintiff, against defendant in error as defendant, in which there was issued on the same day the suit was commenced, an attachment in aid on the alleged ground of the non-residence of defendant in error.

The summons was served on defendant by delivering a copy thereof to its vice-president, the president not being found in the county. The attachment writ in aid was served upon two persons named therein as garnishees.

The defendant pleaded the general issue, and by plea in abatement verified, denied the cause of attachment alleged. On February 2 and 5, 1900, respectively, the following judgment and orders were entered by the Superior Court, viz.:

"Frederick Voss        } Assumpsit and
          v.            } Attach. in Aid.
Evans Marble Company.  }

It is stipulated and agreed by and between the parties to

Voss v. Evans Marble Co.

this cause, as a matter of compromise and settlement *pro tanto* of the controversy, that a jury be waived; cause submitted to the court as to all issues herein; that findings be entered in favor of the plaintiff for six hundred and seventy-five dollars and forty-seven cents, without any costs to either party and without any findings as to when said amount became due and payable; that attachment be released and all garnishees discharged upon payment of said sum, that such findings and judgment thereupon may be entered herein without prejudice or adjudication to any extent whatsoever as to the rights of either party herein upon the question of right of attachment upon the issues raised by the affidavit herein for attachment in aid and the pleas thereto.

Whereupon and upon the stipulation of the parties as aforesaid, the court finds the issues in assumpsit herein for the plaintiff, and that there is now due the plaintiff from the defendant the sum of six hundred and seventy-five dollars and forty-seven cents, without finding when the same became due and owing, and it is considered by the court that the plaintiff do have and recover from the defendant the said sum of six hundred and seventy-five dollars and forty-seven cents ($675.47), without his costs in that behalf expended; that the attachment herein be released and that all the garnishees be discharged upon the payment of said amount, and that the attachment issues herein be reserved until the further disposition hereof by the court."

" Frederick Voss     ⎱ Assumpsit and
            v.              ⎰ Attach. in Aid.
Evans Marble Company. 

And now comes Augusta Lehmann, conservatrix of the estate of Ernst J. Lehmann, a distracted person, garnishee herein, and the plaintiff and defendant also come by their respective attorneys, and the said Augusta Lehmann, here in open court, pays unto plaintiff the sum of six hundred and seventy-five dollars and forty-seven cents, in accordance with the provision of an order entered herein on the second day of February, 1900.

And on motion of said garnishee, the plaintiff and defendant consenting thereto, it is therefore ordered by the court that Augusta Lehmann, conservatrix as aforesaid, be and she hereby is discharged as garnishee in this cause, and fully released of and from any liability as such garnishee."

The trial was commenced before the court and a jury, but before the hearing was closed a jury was waived, and

the day following the entry of the second of the above
orders, on March 6, 1900, the court found the issues. on the
attachment in favor of the defendant and entered judgment
quashing the writ of attachment and for costs against the
plaintiff in favor of the defendant. To review this last
finding and judgment this writ of error was sued out.

It is contended that the judgment on the merits, the
release of the attachment and discharge of the garnishees
finally disposed of the whole litigation, and that the judg-
ment and order of March 6, 1900, was void and of no effect.
This claim is in direct conflict with the stipulation of the
parties, as above set out, as well as in conflict with the
judgment of the court, by which the attachment issues were
expressly reserved for further disposition by the court.

The issues on the merits and attachment were entirely
separate and distinct, and although they might properly
have been tried together, that was not necessary.    Schulen-
berg v. Farwell, 84 Ill. 400; Page v. Dillon, 61 Ill. App.
282-288.

Moreover, the stipulation was that the judgment upon
the merits should be without prejudice to the rights of
either party upon the attachment issues. The plaintiff
should not, after such a stipulation, made in open court, be
permitted, by reason of a technicality, and because the de-
cision of the court was against him, to disregard his agree-
ment.    The claim is without basis in good morals, and in
our opinion is not tenable under the law. Such stipulations
will ordinarily be enforced by the courts, and we see no
reason why this one should not be enforced as made. John-
son v. Estabrook, 84 Ill. 75; Morrison v. Hedenberg, 138
Ill. 22; Harding v. Harding, 180 Ill. 481-503; Kohn v. Co-
lumbia Nat. Bank, 165 Ill. 318.

The principal question in the case is as to whether the
finding by the learned trial judge, of the issues on the
attachment for the defendant, is correct.    No question is
made as to the issues on the merits of the plaintiff's claim,
and no errors with reference thereto have been assigned.

The evidence shows, and it is not controverted, that the

defendant is a corporation organized and existing under and by virtue of the laws of the State of Maryland, and was such a corporation at the time of the commencement of the attachment in aid. It was also, at the time the attachment in aid was issued, authorized to do business as a foreign corporation in Illinois, it having theretofore complied with the requirements of the laws of this State in that regard; also for some years prior to and at the time the said attachment was issued it had an office, property, and did business at different places in the city of Chicago, Cook county, Illinois, as well as in the States of Maryland and Tennessee. Its main office was in Baltimore, Maryland.

For defendant it is claimed that because it had an office, property, did business, and exercised its corporate functions in the State of Illinois, it was a resident of this State and not amenable to attachment process. The contrary was held by the Supreme Court as early as the case of Mineral Point Ry. Co. v. Keep, 22 Ill. 9, in which the court held that a foreign corporation is a non-resident and amenable to attachment process, and say :

"The word 'person,' therefore, in the first section of the attachment law includes bodies politic and corporate, as well foreign as domestic. If it be a foreign corporation having property within the jurisdiction of this State, it must be regarded as a non-resident debtor and amenable to this process."

In the present statute the word "debtor" is used instead of the word "person."

In R. R. Co. v. Crowe, 102 Ill. 249–53, in which the question was as to the liability of a Missouri corporation having property and doing business in this State, to the process of garnishment in an attachment case brought in the courts of this State for a debt owing to a resident of Missouri, the Keep case was cited with approval, and the foreign corporation was held liable to such process. The court say that a foreign corporation may, "like a natural person, acquire rights and incur liabilities precisely as a natural person. * * * It must be treated the same, in all respects, as a natural person." This was said with reference to the

liability of the corporation to be sued in the courts of this State, and it was held that because a natural person would be liable to garnishment in that case the corporation was held to be liable.    The court also say:

"It can not be contested that had the attachment been against the railway company (the Missouri corporation) its property in the county might have been levied on under the writ, and all persons owing the road, or having property, effects and choses in action belonging to the road in their hands or possession, might have been garnished."

In Iroquois Furnace Co. v. Wilkin Mfg. Co., 77 Ill. App. 59–62, a case of attachment against a corporation of Wisconsin, the court say:

"It (the corporation) can not have a residence in the ordinary sense of the term, but if it be a foreign corporation, the attachment act applies to it the same as to a non-resident natural person.    Whether it be a foreign corporation must be determined by the place of its organization."

So far as relates to the attachment this case was affirmed by the Supreme Court.    181 Ill. 582–91.

The fact that the defendant was permitted to and did business in this State, does not, in the absence of a statute, make it a resident of Illinois.    It could thereby get no greater rights than a natural person.    The fact that an individual, a resident of a foreign State, may be found doing business in this State and owning property here, and rightfully subject to be sued in the courts of this State, does not relieve him from liability to attachment process as a non-resident.    The position of defendant as a corporation is not different from such a person.

In R. R. Co. v. Koontz, 104 U. S. 5–11, a Maryland corporation doing business in Virginia by assent of the latter State, was held to be a citizen of Maryland, and the court, in speaking of corporations as distinguished from individuals, said:

"By doing business away from their legal residence they do not change their citizenship, but simply extend the field of their operations.    They reside at home, but do business abroad.    *   *   *   A corporation created by and organized

under the laws of a particular state and having its principal office there, is, under the constitution and laws, for the purpose of suing and being sued, a citizen of that state possessing all the rights and having all the powers its charter confers. It can not migrate nor change its residence without the consent, express or implied, of its state; but it may transact business wherever its charter allows, unless prohibited by local laws. Such has been for a long time the settled doctrine of this court. It must dwell in the place of its creation, and can not migrate to another sovereignty."

The attachment act subjects a non-resident of this State to its process, and without legislation relieving a corporation created by the laws of a foreign state from such process, we hold that such a corporation is liable thereto, notwithstanding the fact that it owns property, has an office and does business in this State. Several cases, among others, Stevens v. Pratt, 101 Ill. 206; Barnes v. Suddard, 117 Ill. 237, and Penn. Co. v. Bouerle, 143 Ill. 459, are relied on by defendant as holding that foreign corporations, doing business in this State, have all the rights and privileges of domestic corporations. The cases all relate to the power of foreign corporations to acquire, sell and convey real estate, and to their liabilities, restrictions and duties in that regard These cases have no reference to their liability to attachment.

The case of Barron v. Burke, 82 Ill. App. 116, is also relied on as holding that a man may have two residences within the meaning of the attachment act. The case has no application to the question here presented. What was there said was with reference to an individual, not a corporation, and to a very different state of facts.

Much of the evidence abstracted we have found it unnecessary to consider. The abstract of the evidence might have been properly confined to that material to the questions presented, and plaintiff in error will recover for costs of only fifty-two pages of abstract in this court in addition to his other costs in this and the Superior Court.

The judgment of the Superior Court quashing the writ of attachment and for costs of the attachment against the

plaintiff in error is reversed and judgment will be entered in this court on the attachment issues in favor of plaintiff in error and against the defendant in error, and for costs as above. Reversed, and judgment in this court.