## MAGNA OIL & REFINING CO. v. UNCLE SAM OIL CO.

No. 11563—Opinion Filed March 8, 1921.

(Syllabus.)

1. **Corporations — Foreign Corporation—Attachment—Statute.**

Section 4812, Rev. Laws 1910, provides: "The plaintiff in a civil action for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated: First, when the defendant, or one of several defendants, is a foreign corporation, or a nonresident of this state."

2. **Same—"Foreign Corporation."**

The term "foreign corporation" as used in section 4812, Rev. Laws 1910, providing that the plaintiff may have an attachment against the property of the defendant when the defendant is a foreign corporation or a nonresident of this state, was not used in the same sense as the term "nonresident," so as to mean merely a corporation which might be without the jurisdiction of the court in the sense that a nonresident of the state is without the jurisdiction, but means a corporation created and existing by the laws of some other state or country.

3. **Same.**

The mere fact that another statute of the state provides that in certain circumstances the domicile of a corporation created by the laws of another state or country shall be deemed and held to be in the state of Oklahoma, does not make it a domestic corporation. It is still a foreign corporation, and as such may be proceeded against by attachment.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by the Magna Oil & Refining Company against the Uncle Sam Oil Company for damages for breach of contract. From order discharging attachment, plaintiff brings error. Reversed and remanded.

Hulette F. Aby, William F. Tucker, and Allen K. Swann, for plaintiff in error.

W. P. Hackney and Horace Speed, for defendant in error.

KANE, J. This is an action for damages for breach of contract, commenced by the plaintiff in error, plaintiff below, against defendant in error, defendant below. At the time of filing the petition, the plaintiff filed an affidavit in attachment setting up, among other things, that the defendant, Uncle Sam Oil Company, a corporation, was organized and chartered under the laws of the state of Arizona, and therefore is a foreign corpora-

tion, against whose property the plaintiff is entitled to have an attachment under that part of section 4812, Rev. Laws 1910, which provides as follows:

"The plaintiff in a civil action for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated: First, when the defendant, or one of several defendants, is a foreign corporation, or a nonresident of this state. * * *"

Upon this affidavit a writ of attachment was issued and certain property of the defendant seized. Thereafter the defendant filed a motion to discharge the attachment on the ground that, although the defendant, Uncle Sam Oil Company, was organized and chartered under the laws of Arizona, it had complied with the laws of Oklahoma entitling it to do business in the state, and therefore was not a foreign corporation within the meaning of the statute.

The motion to discharge the attachment was presented upon an agreed statement of facts which the parties agree are fairly summarized in one of the briefs, as follows:

"The defendant, Uncle Sam Oil Company, was a corporation organized under the laws of the state of Arizona; that it had filed a certified charter as required by the laws of the state of Oklahoma; had appointed L. M. Nolan state service agent, of Oklahoma City, Oklahoma, and had paid the Corporation Commission license fees required of foreign corporations before engaging in business, and that the defendant had certain property in the state of Oklahoma and that its principal place of business is maintained outside of Oklahoma, and that it had been properly and duly licensed to do business in the state of Oklahoma."

Upon due consideration the court sustained the motion to discharge the attachment, and it is this action of the court that is questioned in this proceeding in error.

We think the court committed error in sustaining the motion to discharge the attachment upon the ground stated.

The authorities are uniform in holding that the term "foreign corporation," as used in a statute of a state, means a corporation not created by the laws of such a state. In re Grand Lodge A. O. U. W., 110 Pa. 613, 1 Atl. 582; Boley v. Ohio Life Ins. & Trust Co., 12 Ohio St. 139, 143; Bowen v. First Nat. Bank, 34 How. Prac. 408.

It seems very clear to us that the term "foreign corporation," as used in section 4812, Rev. Laws 1910, providing that the plaintiff may have an attachment against the property of the defendant when the defendant is a foreign corporation or a nonresident of this state, was not used in the same sense as the term "nonresident," so as to mean merely a corporation which might be without the jurisdiction of the court in the sense that a nonresident of the state is without the jurisdiction, but means a corporation created and existing by the laws of some other state or country. Counsel for the defendant in error concede that this generally is settled law, but they say that the rule is changed in this jurisdiction by that part of section 4665, Rev. Laws 1910, which provides that:

"The domicile of every person, firm or corporation conducting a business in person, by agent, through an office, or otherwise transacting business within the state of Oklahoma, and which has complied with or may comply with the Constitution and laws of the state of Oklahoma, shall be for all purposes deemed and held to be the state of Oklahoma."

We do not think this statute has the effect of exempting foreign corporations authorized to do business in this state from the operation of the attachment statute. This corporation, as we have seen, was organized and chartered under the laws of Arizona and has its principal place of business in that state. The foreign character of a corporation is not to be determined by the place where its business is transacted, but, as we have seen, by the place where its charter was granted.

In Savage v. Peoples B., L. & S. Ass'n (W. Va.) 31 S. E. 991, it was held that:

"A statute merely enabling a foreign corporation to hold property or do business in this state does not make it a domestic corporation, and it may be proceeded against by attachment as a foreign corporation."

In the case of Jennings v. Idaho Ry., L. & P. Co. (Idaho) 146 Pac. 101, the court had before it a case even more strongly in favor of the foreign corporation than the case at bar. The defendant was a foreign corporation and had complied with the state laws as a condition precedent to doing business in the state, and the laws of said state provided, in substance, that foreign corporations complying with such state laws should have all the rights and privileges of domestic corporations, and the attachment statute provided that the plaintiff might have an attachment "against a defendant not residing in this state." The Supreme Court of Idaho, however, held that the foreign corporation was still a nonresident of that state for attachment purposes.

It will be observed that our statute provides for an attachment when the defendant is a foreign corporation or a nonresident of

this state. Upon the authority of the foregoing cases it seems to us that it may very well be held that the mere fact that another statute of the state provides that in certain circumstances the domicile of a foreign corporation shall be deemed and held to be in the state of Oklahoma, does not make a foreign corporation a domestic corporation. It is still a foreign corporation, and as such may be proceeded against by attachment.

For the reasons stated, the judgment of the trial court is reversed and remanded, with directions to proceed in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.