PEARL HICKS v. STATE.

No. A-3252—Opinion Filed March 19, 1921.

(196 Pac. 144.)

Appeal from District Court, Beckham County; T. P. Clay, Judge.

Pearl Hicks was convicted of grand larceny, and appeals. Reversed.

Arthur Leach and E. H. Gipson, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the district court of Beckham county, wherein plaintiff in error, Pearl Hicks, hereinafter designated defendant, was convicted of the crime of grand larceny, and sentenced to serve a term of two years' imprisonment in the state penitentiary.

Defendant was convicted of having stolen a certain saddle alleged to have been the property of one Earl Woodring, of the value of $35. The larceny is alleged to have taken place in the town of Texola, on the night of December 29, 1916, during the time the said Woodring was attending a lodge meeting at said town. The saddle was found buried on a farm belonging to a man by the name of Fry, about three-quarters of a mile from where this defendant lived.

There is no evidence in the record disclosing that defendant was at the town of Texola on the night that the saddle was stolen, nor is there any evidence in the record directly connecting defendant with the taking of the saddle. The conviction is based alone upon the testimony of a witness who made certain contradictory and conflicting statements as to the defendant having assisted such witness in concealing the saddle on the farm of Fry some time after it was alleged to have been stolen. This witness, however, does not attempt to connect this defendant with the taking of the saddle; his testimony merely goes to connecting defendant with concealing the property which had been previously stolen, and as to such alleged facts the testimony given by this witness was conflicting, confusing, and in many respects contradictory.

At the conclusion of the state's evidence in the trial court, the county attorney moved the court to instruct a verdict of not guilty because of the insufficiency of the evidence. In this court the Attorney General has filed a written confession of error based upon the insufficiency of the evidence.

The court has taken occasion to very carefully examine the transcript of the evidence in this case. It has never been the policy of this court to substitute its judgment for that of the jury upon contested questions of fact. In this case, however, it is the opinion of the court that there is no competent legal evidence in the record which tends to establish the guilt of defendant of the crime charged. The only incriminating evidence comes from the lips of a witness whose testimony brands him as an accomplice, in so far as it tends in any way to connect defendant, even circumstantially, with the commission of the crime. When this witness was first introduced, he was unable to identify the property alleged to have been stolen as that which

he. in conjunction with defendant, buried on the Fry farm, and it was not until the second day of the trial and in rebuttal, over objection and exception of defendant, that the witness testified to any alleged fact whatever which would tend to incriminate this defendant. This testimony was given at the time such witness was in jail under a charge of burglary pending against him in the same court. His testimony is unsupported by any other competent legal evidence which in any way tends to connect defendant with the commission of this offense.

The guilt of this defendant is surrounded with such grave doubt that it would be a probable miscarriage of justice to permit the judgment to stand upon the confusing and conflicting testimony of one witness, apparently an accomplice, unsupported by other material testimony, or by any fact or circumstances in evidence tending in any way to connect defendant directly with the taking of this property.

The conclusion is reached. therefore, that the confession of error of the Attorney General should be sustained, and the judgment reversed. It is so ordered.