On August 15, 1974, the Director for the Department of Industrial Development submitted a request for an opinion of the Attorney General on the following questions: "1. May an alien hold title in fee simple absolute to real property in Oklahoma ? If not, what is the legal status of any title that an alien may hold? "2. Would the legal effect of the above question differ if the alien were a corporation or partnership, or joint venture with a resident individual? If so, in what way?" On January 30, 1975, the Attorney General responded to that request by issuing Opinion No. 74-214, which held: "Answer to First Question . . . an alien may not hold title in fee simple absolute to real property in the State of Oklahoma but may hold the same subject to conditions as expressed in Article XXII, Section 1, of the Oklahoma Constitution and 60 O.S. 121 [60-121] (1971), etc. " Answer to Second Question . . . a corporation or other entity may hold real estate subject to the statutes regulating that particular type of entity but upon the dissolution of such entity an alien individual may not acquire title to said real estate." In answering the second question, Opinion No. 74-214 made no reference to Article XXII, Section 1, of the Oklahoma Constitution, but relied exclusively upon Article 22, 2, which does not address the question of alien ownership. The answer to the second question must be construed in that context. The conclusion that corporations or other entities may hold real estate subject to regulating statutes has never been broadened to include corporations created under the laws of a foreign country. Opinion No. 76-253, issued August 4, 1976, held in pertinent part that an alien or foreign country may not acquire or hold property in this State except under the conditions stated in Article XXII, Section 1, and 60 O.S. 121 [60-121] et seq. (1971). That conclusion was based upon 25 O.S. 16 [25-16] (1971), which provides: "The word 'person', except when used by way of contrast, includes not only human beings, but bodies politic and corporate." Emphasis added Any construction of the answer to the second question in Opinion No. 74-214 must be consistent with 25 O.S. 16 [25-16] (1971). While Opinion No. 76-253 focused upon foreign countries, the statute upon which it was based applies equally to bodies corporate. By issuing the subsequent opinion, the Attorney General necessarily concluded that Opinion No. 74-214 was limited to corporations created under the laws of American jurisdictions. It simply did not address the question asked, namely: Would the Constitutional prohibition apply "if the alien were a corporation"? The first question considered in Opinion No. 74-214 consists of two parts: (1) May an alien hold title in fee simple absolute to real property in Oklahoma? (2) If not, what is the legal status of title to land which has been conveyed to an alien? The provision in the Oklahoma Constitution, Article XXII, Section 1, that no alien or person who is not a citizen of the United States shall acquire title to or own land in the State of Oklahoma is vitalized by 60 O.S. 121 [60-121] (1971). 60 O.S. 121 [60-121] simply restates the Constitutional prohibition. No alien shall own land in the State of Oklahoma. It applies to: ". . . any person who is not a citizen of the United States . . ." 60 O.S. 122 [60-122] renders the prohibition inapplicable: ". . . to any alien who is or shall take up bona fide residence in this State: and any alien who is or shall became a bona fide resident of the State of Oklahoma shall have the right to acquire and hold lands in this State upon the same terms as citizens of the State of Oklahoma during the continuance of such bona fide residence of such alien in this State . . ." Emphasis added If a resident alien shall cease to be a "bona fide inhabitant" of Oklahoma, such alien has five years from the cessation of bona fide residency in which to alienate the lands so held. 60 O.S. 122 [60-122] carves out a well-defined exception to the constitutional prohibition vitalized by 60 O.S. 121 [60-121]. The burden is upon persons falling within the prohibition to prove that they have, prior to the acquisition of the land, established "bona fide residency in this State." Aliens who have established bona fide residence are given a statutory "right to acquire and hold" lands held by them during the period of their bona fide residence. 60 O.S. 123 [60-123] permits nonresident aliens who acquire real estate in Oklahoma by any one of the specified means to hold the same for five years. Nonresident aliens are permitted to hold the land for that period of time only if they acquired it: ". . . by 1 devise, 2 descent or by 3 purchase, where such purchase is made under any legal proceeding foreclosing liens in favor of such aliens . . ." The constitutional prohibition vitalized by 60 O.S. 121 [60-121] not only involves a prohibition of land ownership by any person who is not a citizen of the United States, but it unequivocally states: "No alien or person who is not a citizen of the United States shall acquire title to or own land in the State of Oklahoma . . ." Emphasis added 60 O.S. 122 [60-122] does not acknowledge vesting of title in any person within the ambit of 60 O.S. 121 [60-121]. It confers a right to acquire and hold lands during the continuance of bona fide residency, and couples that right with a duty of alienation within a specified period following the cessation of such residency. 60 O.S. 121 [60-121] does not distinguish between resident and nonresident aliens, and does not treat aliens acquiring land by operation of law as a separate class. Its clear statement that no alien shall acquire title to land is underscored by 60 O.S. 125 [60-125]. 60 O.S. 125 [60-125] imposes a duty upon the Attorney General and the District Attorneys to institute suit on behalf of the State of Oklahoma praying for the escheat of lands held contrary to Article XXII, Section 1, and to proceed: ". . . as in cases provided by law for escheats of lands or property where such property has no known owner . . ." The second question considered in Opinion No. 74-214 asks in effect: Would the prohibition framed by the Oklahoma Constitution, Article XXII, Section 1, be different "if the alien were a corporation"? The statutory authority upon which Opinion No. 76-253 was predicated remains dispositive. The word "person" as used in 60 O.S. 121 [60-121] (1971), includes both bodies politic and bodies corporate. Title 25 O.S. 16 [25-16] (1971). Article XXII, Section 1, of the Oklahoma Constitution incapacitates all persons, both natural and corporate, who are not citizens of the United States from acquiring title to or owning land in the State of Oklahoma. The pertinent wording of 60 O.S. 121 [60-121] (1971), is identical to the constitutional provision which it vitalizes. Article XXII, Section 1, is a part of the fundamental law of this State to which legislation permitting foreign corporations to transact business in Oklahoma must yield. Accordingly, the statutory enjoyment of the same rights and privileges as domestic corporations is expressly limited. Foreign corporations shall enjoy no greater rights or privileges "than a domestic corporation." Title 18 O.S. 1.199 [18-1.199](d) (1971). No domestic corporation has the right to violate any provision of the Oklahoma Constitution, and the general powers incidental to the transaction of business which corporations possess does not abrogate the incapacity to acquire title to land which Article XXII, Section 1, imposes upon all persons who are not citizens of the United States. The general powers of a domestic corporation under 18 O.S. 1.19 [18-1.19] are limited by the purposes stated in its articles of incorporation under 18 O.S. 1.27 [18-1.27]. The statutory provision subjecting domestic corporations to the limitations prescribed by the Oklahoma Constitution, Article XXII, Section2, and 18 O.S. 1.20 [18-1.20] — 18 O.S. 1.25 [18-1.25] (1971), does not exclude foreign corporations from the limitations prescribed by Article XXII, Section 1, of the Oklahoma Constitution. By its acknowledgement that a corporation formed under the laws of Oklahoma is prohibited from owning land outside of any incorporated city or town under Article XXII, Section 2, the Business Corporation Act acknowledges that a foreign corporation, whether or not it is domesticated, is subject to the prohibition framed by Article XXII, Section 1. That does not belie the enjoyment by a domesticated corporation of the same rights and privileges as a domestic corporation. It subjects both to the same prohibitions. Neither a domestic nor a domesticated corporation may violate Article XXII of the Oklahoma Constitution. Domestic corporations created under 18 O.S. 1.9 [18-1.9] et seq. (1971), may only be formed: ". . . for any lawful purpose or purposes . . ." That restriction limits the powers of a domestic corporation pursuant to 18 O.S. 1.27 [18-1.27], and is rendered applicable to foreign corporations by 1.199, which provides in pertinent part: "c. A domesticated corporation shall not exercise any privileges or enjoy any rights denied in this State to domestic corporations." 18 O.S. 1.199 [18-1.199] Article XXII, Section 1, is applicable to corporations formed under the laws of a foreign country and cannot be avoided by obtaining articles of domestication to transact business for lawful purposes. Indeed, the necessity of obtaining articles of domestication for the purpose of transacting business in this State is indicative that the corporate body was not formed under the laws of this State, and, accordingly, is a foreign corporation in so far as those laws are concerned. Title 18 O.S. 1.2 [18-1.2](2)(3)(4) (1971). It is incumbent upon the alien seeking to avoid the constitutional prohibition to establish the applicability of the exception thereto afforded by 60 O.S. 122 [60-122] (1971), relating to aliens who take up "bona fide residence in this State." The foreign or domestic character of a corporation is determined by the place of its origin, not by the location of its business activities. See 36 Am. J. 2d Foreign Corporations, 1, at pages 20 and 21, which continues: "3. Alien corporations. "Insofar as the nature of a corporation will permit, it may, like a natural person, be regarded as an alien in sovereignties other than that of its domicil. Since the term 'foreign corporation' does not, as generally used in the United States, discriminate between corporations organized in another of the several states and those created under the laws of another nation, an alien corporation is a foreign corporation in the United States, as well as in an?J of the several states in which it transacts business, has its agents, or holds property. "In the absence of a statute, a corporation's character as an alien depends on the fact that it owes its existence to the laws of another sovereignty, and ordinarily the fact that it maintains its business offices in the forum is immaterial. As a rule, the citizenship of its shareholders, even though they are citizens of the forum, does not affect the question. Under constitutional provisions of some states, however, any corporation the majority of whose shareholders are aliens may be regarded as an alien corporation for certain purposes." Emphasis added Page 22. Magna, Oil and Refining Co. v. Uncle Sam Oil Co., 81 Okl. 8, 196 P. 142 (1921), reflects this general rule. In that case the Supreme Court of Oklahoma held that the term "foreign corporation" does not equate to nonresidence within the meaning of the jurisdictional statutes of this State. A "foreign corporation," the Court stated: ". . . means a corporation created and existing by the laws of some other state or country . . ." 196 P. 143. The Court concluded that a statute merely enabling a foreign corporation to hold property or do business in this State does not make it a domestic corporation. 196 P. 143. It remains a foreign corporation. 196 P. 144. As a foreign corporation it must look for its domicile to the sovereign by whose laws it owes its existence. It is a fundamental rule of law that all persons, including corporations, have a domicile somewhere, and it is equally fundamental in law that no person has more than one domicile at one time. 25 Am. J. Domicile, 2, page 6. "Residence" is the place where one's habitation is fixed without the present purpose of removing therefrom, and is synonymous with the term "domicile." Jones v. Burkett,346 P.2d 338 (Okl. 1959). A domicile, once established, is presumed to continue until a new one is established. Warlick v. Stevenson, 571 P.2d 843 (Okl. 1977). It follows that the burden of proving change is on the person alleging it. See 25 Am. J. 2d Domicile, 86, which continues: "There is a strong presumption that a person in a foreign country intends to retain his national domicile . . ." Page 62. This opinion does not consider the status of title to land conveyed to a corporation which is controlled by alien shareholders. It is axiomatic, however, that a person cannot accomplish a purpose indirectly which is prohibited by law. Article XXII, Section 1, expressly prohibits acquisition of Oklahoma land by an alien. That prohibition cannot be avoided by indirectly acquiring ownership through a corporate device or other legal entity. Ownership embraces, in addition to legal title, all of the incidents and rights constituent therein. The corporate form cannot be utilized to shield one who has acquired such incidents and rights in violation of the prohibition. It is, therefore, the opinion of the Attorney General that Opinion No. 74-214, issued January 30, 1975, failed to address the questions submitted, and, accordingly, should be and hereby is WITHDRAWN. It is the further opinion of the Attorney General that the following conclusions of law should be and hereby are entered in response to the questions submitted in the request for Opinion No. 74-214: 1. An alien may not directly or indirectly acquire title to or own land in the State of Oklahoma. 2. An alien who can be shown to have taken up bona fide residence in this State may acquire and hold lands during the continuance of such bona fide residence; provided, that if such resident alien shall cease to be a bona fide inhabitant of this State, the said alien shall within five years from the cessation of such bona fide residency alienate the lands so held. 3. A nonresident alien may hold land in Oklahoma only if the said nonresident alien acquired it by devise, descent or by purchase, where such purchase was made under a legal proceeding foreclosing a lien in favor of such alien, and land acquired by such means may be held for only five years. 4. Title to land which has been conveyed in violation of Article XXII, Section 1 of the Oklahoma Constitution, and 60 O.S. 121 [60-121] (1971), has escheated to the State of Oklahoma. 5. The word "person" as used in the Oklahoma Constitution, Article XXII, Section 1, and 60 O.S. 121 [60-121] (1971), includes bodies corporate, and such bodies do not avoid the provisions thereof by obtaining articles of domestication to transact business in the State of Oklahoma. (JOHN PAUL JOHNSON) (ksg)